# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:87cv514

| | |
|---|---|
| JOSEPH W. and HELEN B. TEAGUE, *et. al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **O R D E R** ) |
| JIM BAKKER, *et. al.*, | ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on the Special Master's Motion and Recommendation for Disbursement of Funds [Doc. 1000].

On December 28, 2004, the Hon. Lacy H. Thornburg found, in accordance with the report and recommendation of the Special Master, that the cost of distributing the funds remaining in the Special Master's trust account to the individual class members would leave a minimal amount for actual distribution and was cost-prohibitive. [Doc. 989]. The Special Master recommended, in accordance with case law, that the funds be distributed to a charity and further recommended the Billy Graham Evangelistic Association and Samaritan's Purse in view of the Christian faith of the class members.

[Doc. 985]. Judge Thornburg ordered that the funds should be divided equally and disbursed to the Billy Graham Evangelistic Association and Samaritan's Purse. [Id.]. He also ordered that "[i]n the unlikely event that additional funds are received from the Laventhol and Horwath bankruptcy proceeding, the same equal distribution shall be made." [Id.].

In September 2007, the Special Master received funds in the amount of $1,012,434.19 from the Laventhol and Horwath bankruptcy proceeding. [Doc. 990]. Because of the amount received, Judge Thornburg ordered a distribution of the same to the class members instead of to the charities since the costs of distribution did not outweigh the amount distributed to each individual class member. [Doc. 991].

On May 15, 2009, Judge Thornburg ordered that the Special Master's fee be paid and that "any funds remaining in the Special Master's trust account after payment of [his] fees shall be divided equally and disbursed to the Billy Graham Evangelistic Association and Samaritan's Purse." [Doc. 999, at 2].

The Special Master has now reported to the Court that it has received a final distribution from the Laventhol and Horwath bankruptcy proceeding in the amount of $50,022.76. [Doc. 1000]. The costs associated with making a distribution of those funds to the individual class members would be a

minimum of $46,270.90, leaving only $3,751.86 available for actual distribution to class members, or about $10.00 per member. [Id.]. Once attorney's fees and increased costs such as postage are computed, the amount available for distribution to the class member is reduced even further. [Id.]. The Special Master therefore recommends that the sum be distributed to the charities in accordance with Judge Thornburg's extant Order. [Id.].

The Court finds that Judge Thornburg's Order remains the law of the case and that the amount available for distribution to individual class members after payment of the costs thereof is insufficient to warrant the expense of distribution. The Court will therefore order distribution in accordance with the recommendation and Judge Thornburg's standing Order.

**IT IS, THEREFORE, ORDERED** that the Special Master's Motion and Recommendation for Disbursement of Funds [Doc. 1000] is hereby **GRANTED** and the Special Master shall disburse the total sum of $50,022.76 as follows: the sum of $25,011.38 to the Billy Graham Evangelistic Association and the sum of $25,011.38 to Samaritan's Purse.

Signed: May 28, 2011

Martin Reidinger
United States District Judge